```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

SIFENG ZHANG,                         )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )      No. 4:07-CV-662 (CEJ)
                                      )
MICHAEL CHERTOFF, et al.,             )
                                      )
            Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' motion to remand this case to the United States Citizenship and Immigration Service pursuant to 8 U.S.C. § 1447(b). Plaintiff has filed an opposition to the motion and the issues are fully briefed.

I.  **Background**

Plaintiff Sifeng Zhang is a legal permanent resident of the United States who seeks to be naturalized as a United States citizen. Plaintiff submitted his application for citizenship on February 9, 2004. He completed a required in-person examination with CIS on August 3, 2004. To date, the United States Citizenship and Immigration Service (CIS) has not adjudicated plaintiff's naturalization application pending completion of a name check. Despite numerous inquiries about the status of his application, CIS has not yet decided whether to grant or deny the application. Plaintiff brings suit pursuant to 8 U.S.C. § 1447(b), and asks the Court to declare that he is entitled to be naturalized and to swear him in as a United States citizen. Defendants argue that the Court should remand this matter to CIS to permit the agency to secure the results of an ongoing background check.

## II. Discussion

The CIS is required to conduct a background investigation of applicants for naturalization. The relevant statute provides:

> Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization. The Attorney General may, in his discretion, waive a personal investigation in an individual case or in such cases or classes of cases as may be designated by him.

8 U.S.C. § 1446(a). CIS regulations specify that the "investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed . . ." 8 C.F.R. § 335.1.

The criminal background check as conducted by CIS has three components: (1) a Federal Bureau of Investigation fingerprint check, (2) an Interagency Border Inspection System (IBIS) name check, and (3) an FBI name check.[1] In this case, CIS has not proceeded with plaintiff's application for naturalization because it is awaiting the completion of the FBI name check. According to Michael A. Cannon, section chief for the National Name Check Program Section at the Headquarters of the FBI, CIS has submitted two name-check requests for plaintiff. The first request was

---

[1] A name check determines whether a name is associated with investigations of criminal, security, or other activity in any of several databases.

submitted on January 4, 2003, and was completed on the following day. The second request was submitted on March 9, 2004, and has not yet been completed.

An applicant must also appear for an in-person examination. 8 U.S.C. § 1446(b). The regulations contemplate that the background check will be completed <u>before</u> the in-person examination. 8 C.F.R. § 335.2(b) (applicant will appear for examination "only after the Service has received a definitive response" from the FBI that "a full criminal background check had been completed.") In this case, however, CIS conducted the in-person examination before receiving the completed background check.

Title 8, section 1447(b) of the United States Code provides:

> If there is a failure to make a determination under section 1446 . . . before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The Court first addresses a jurisdictional challenge, fully asserted by defendants for the first time in a footnote in their reply brief. Defendants contend that § 1447(b)'s 120-day period is triggered by the completion of the background check. Defendants argue that, because the background check is still incomplete, plaintiff's action is not ripe. This Court and several others have already determined that, for the purposes of § 1447(b), the date of the CIS interview is the date of examination. See <u>Kurtuma v. Chertoff</u>, No. 4:06-CV-569 (CEJ), Memorandum and Order at *4-5 (E.D.

Mo. Feb. 20, 2007) (listing cases). Thus, the Court has jurisdiction to consider plaintiff's naturalization request.

Defendants ask the Court to remand to CIS for completion of the background check. Plaintiff counters that remand would frustrate Congress's intent[2] by permitting CIS to disregard the statute's 120-day rule. While the Court believes that CIS should be allowed to fulfill its statutory responsibility to evaluate applications for citizenship, Congress has provided jurisdiction to the district courts to determine the matter where the agency fails to act within 120 days of completing an applicant's examination. In this instance, plaintiff's examination was conducted three years ago and there is no indication when the FBI name check will be completed. The Court does not believe that remand is justified under these circumstances. See Sekhon v. Chertoff, No. 4:06-CV-1092 (ERW), Memorandum and Order at 4 (E.D. Mo. Aug. 9, 2007)("Failure to exercise lawful judicial discretion to address the delayed relief lawfully sought can be an abuse of discretion.")

---

[2]Congress sought to further four public policy objectives: (1) reduce the waiting time for naturalization applicants; (2) streamline the process of applying for naturalization and reduce burdens on the courts and the agency; (3) provide consistency and fairness in naturalization proceedings; and (4) give naturalization applicants the power to choose which forum adjudicates their applications. United States v. Hovsepian, 359 F.3d 1144, 1163-64 (9th Cir. 2004) (*en banc*), citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statements of Rep. Morrison and Smith).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to remand [Doc. #3] is **denied**.

**IT IS FURTHER ORDERED** that defendants shall file an answer to plaintiff's complaint not later than **September 4, 2007**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2007.